IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HOMELAND SECURITY ) | |
|     c/o ROMONA KENNARD, ) | |
| ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:19-CV-1648-B (BH) |
| ) | |
| DIAYSIS INSTITUTE, ) | |
|     Defendant. ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is an *Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)*, filed July 10, 2019 (doc. 5), filed by Romona Kennard on behalf of Homeland Security. Based on the relevant filings and applicable law, the application should be denied, and the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

### I. BACKGROUND

Romona Kennard (Plaintiff) filed this action on behalf of Homeland Security on July 10, 2019, and moved for leave to proceed *in forma pauperis* (IFP). (*See* docs. 3, 5.) By *Notice of Deficiency and Order* dated July 11, 2019, she was notified that to the extent she sought to sue on her own behalf and to proceed IFP, the application did not provided enough information because it was not completely filled out, and it was also not signed. (*See* doc. 6.) The order specifically advised Plaintiff that she must file a fully completed and signed IFP application within fourteen days. *Id.* It also specifically notified Plaintiff that only a natural person may qualify for IFP status under 28 U.S.C. § 1915, so to the extent that she sought to sue on behalf of an entity, she must pay the $400.00 filing fee within fourteen days. *Id.* Plaintiff was also advised that a failure to comply

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for judicial screening.

with the order could result in the dismissal of her case.  *Id.*  Well over fourteen days from the date of the order have passed, but Plaintiff has not filed an IFP application, paid the filing fee for any entity, or filed anything else in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Plaintiff failed to comply with the order that she submit a signed and completed IFP application or pay the filing fee despite a warning that failure to do so could result in dismissal of the case.  Because she failed to file to follow a court order or otherwise show that she intends to proceed with this case despite notice of the consequences of any failure to comply, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## III.  RECOMMENDATION

The plaintiff's application to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff submits a signed and completed application or pays the filing fee within the time for objecting to this recommendation, or some other deadline set by the court.

**SO RECOMMENDED** on this 26th day of August, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE